UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUSDEL ACUNA CARMENATES,

      Petitioner,

v.

Case No.:  2:26-cv-00592-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Yusdel Acuna Carmenates's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).  For the below reasons, the Court denies the petition.

### A. Background

Acuna Carmenates is a native of Cuba who entered the United States on May 5, 2005, under the Cuban Humanitarian Parole program, but he did not timely adjust his status to lawful permanent resident.  On November 1, 2012, the Department of Homeland Security ("DHS") served Acuna Carmenates with a notice to appear and released him due to a lack of bed space.  On November 26, 2012, an immigration judge ordered Acuna Carmenates removed.

Immigration and Customs Enforcement ("ICE") re-detained Acuna Carmenates on November 29, 2025, after he was arrested for misdemeanor

battery. ICE revoked Acuna Carmenates's order of supervision and notified him of its intention to remove him to Mexico. Acuna Carmenates argues his detention is unlawful because he has not received a bond hearing and there is no significant likelihood of removal in the reasonably foreseeable future.

**B. Jurisdiction**

Before addressing the merits of Acuna Carmenates's claim, the Court must address its jurisdiction. The respondents argue two sections of the INA strip the Court of jurisdiction over this action. They first point to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we

read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Acuna Carmenates does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Acuna Carmenates challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at

682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Acuna Carmenates's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

## C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Acuna Carmenates's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Acuna Carmenates has not carried his initial burden. Even when reading the petition liberally, there is no basis for the Court to conclude that removal is not likely

in the reasonably foreseeable future. A conclusory assertion is not enough. What is more, the government has presented evidence that (1) ICE scheduled Acuna Carmenates for removal to Mexico and brought him to a facility near the Texas-Mexico border, (2) Acuna Carmenates thwarted removal by refusing to get changed and exit the pod, (3) ICE issued a written warning of the consequences of failing to depart the country and an instruction sheet regarding requirements to assist in removal, and (4) ICE intends to re-nominate him for removal to Mexico soon. Acuna Carmenates provides no reason to believe ICE will not be able to execute the removal order in the reasonably foreseeable future.

Also, Acuna Carmenates is not entitled to a bond hearing. Because he is subject to a final order of removal, his detention is governed by 8 U.S.C. § 1231(a). The Supreme Court has held that § 1231(a) does not require bond hearings. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022).

Accordingly, it is hereby

**ORDERED:**

Yusdel Acuna Carmenates's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record